**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD R. THOMPSON; RACHEL A. THOMPSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DESCHUTES COUNTY SHERIFF'S OFFICE; JONATHAN EBNER, in both his official and individual capacity; AARON ALEXANDER, in both his official and individual capacity; SHANE NELSON, in both his official and individual capacity; KYLE FREDERICKSON, in both his official and individual capacity; DARRYL LEWIS, in both his official and individual capacity; DAVID BOCK, in both his official and individual capacity; ROY NELSON, in both his official and individual capacity; RUSSELL STANAGE, in both his official and individual capacity; DON MANNING, in both his official and individual capacity; WILLIAM BAILEY, in both his official and individual capacity; | No. 24-2113 <br><br> D.C. No. 6:23-cv-01936-MC <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ANDREW DOYLE, Deschutes County
DDA in both his individual and official
capacity; JOSEPH DeLUCA,

        Defendants - Appellees.

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted September 17, 2025[**]

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

    Ronald R. Thompson and Rachel A. Thompson appeal pro se from the district court's judgment dismissing their action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

    The district court properly dismissed the Thompsons' unlawful arrest claim on the basis of qualified immunity because the police report, attached to the complaint, showed that the officers were informed that a valid bench warrant existed for Ronald's arrest. *See Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 926 (9th Cir. 2001) ("It is well established that, in an action for unlawful

---

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arrest pursuant to a facially valid warrant, a police officer is entitled to qualified immunity unless no officer of reasonable competence would have requested the warrant." (citation modified)); *see also Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 568 (1971) (noting that police officers are entitled to act on a radio communication that an arrest warrant exists); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (explaining that "we may consider facts contained in documents attached to the complaint" in determining whether the complaint states a claim for relief).

To the extent the Thompsons sought to appeal the dismissal of other claims, we do not consider those issues because they have been insubstantially presented. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) ("Issues raised in a brief which are not supported by argument are deemed abandoned . . . ." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the Thompsons' state law claims after dismissing the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Dyack v. Commonwealth of N. Mariana Islands*, 317 F.3d 1030, 1037 (9th Cir. 2003) (setting forth standard of review).

The Thompsons' request for judicial notice, set forth in the opening brief, is

denied as unnecessary.

**AFFIRMED.**